IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARUN PATEL, | : | Civil No. 3:20-cv-137 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CRAIG A. LOWE, | : | |
| Respondent | : | |

**MEMORANDUM**

I. **Background**

On January 17, 2020, Petitioner Tarun Patel ("Patel"), a native and citizen of India, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Patel requested release from custody on an order of supervision. (*Id.* at p. 4). At the time his petition was filed, Patel was housed at the Pike County Correctional Facility, Lords Valley, Pennsylvania.

On August 8, 2020, Respondent filed a suggestion of mootness stating that Patel was released on an order of supervision on July 16, 2020. (Doc. 9). Respondent argues that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Patel, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Patel is no longer in the custody of

that agency.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.   Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought.  See *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Patel's continued detention pending removal. (*See* Doc. 1).  Because Patel has since been released on an order of supervision, the petition no longer presents an existing case or controversy.  *See Nunes v.*

---

[1] Upon entering Patel's alien registration number, A093-457-552, and his country of birth, India, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

*Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (holding that petitioner's release from immigration detention on an order of supervision rendered his § 2241 habeas petition moot). Further, Patel has received the relief he sought, namely, to be released from ICE custody on an order of supervision. *See id.* (ruling that conditional release pending removal rendered the habeas petition moot); *see also Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

    A separate Order shall issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated: August __10__, 2020